IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN SCOTT WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV276 |
| | ) | |
| HSBC MORTGAGE SERVICES, INC., | ) | |
| CALIBER HOME LOANS, INC., | ) | |
| PREMIER MORTGAGE FUNDING, | ) | |
| INC., and TRUSTEE SERVICES OF | ) | |
| CAROLINA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant Caliber Home Loan, Inc.'s ("Defendant" or "Caliber") motion to dismiss for failure to state a claim. (Docket Entry 13.) The motion has been fully briefed and the matter is ripe for disposition. For the reasons that follow, it is recommended that Defendant Caliber's motion be granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

John Scott Wilkerson ("Plaintiff" or "Wilkerson") filed this action in the Superior Court of Alamance County, North Carolina on February 7, 2014, against four defendants: HSBC Mortgage Services, Inc. ("HSBC"), Premier Mortgage Funding, Inc. ("Premier"), Caliber, and substitute trustee Trustee Services of Carolina, LLC ("Trustee Services"). (Docket Entry 8.) After Plaintiff voluntarily dismissed non-diverse party Trustee Services on March 3, 2104, HSBC and Caliber jointly removed this action to this Court on April 1, 2014

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket Entries 1, 1-5.) Plaintiff subsequently dismissed HSBC and Premier from this action. (Docket Entries 16, 23.) Plaintiff's claims against Caliber are all that remain of the present action.

In his complaint, Plaintiff alleges the following facts, which this Court must accept as true for purposes of the motion to dismiss. *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In 2001, Plaintiff purchased a home in Mebane, North Carolina with proceeds from a mortgage loan. (Compl. ¶ 6.) In early 2006, Plaintiff experienced financial difficulties due to divorce and debt, and refinanced his mortgage loan with assistance from Premier. (*Id.* ¶¶ 6-9.) According to the complaint, Plaintiff entered into a contract with Defendant Premier Mortgage Funding, Inc. ("Premier") for the provision of mortgage services, and subsequently closed two mortgages on his property, with Premier acting as "his mortgage broker." (*Id.* ¶ 10.) Plaintiff executed and delivered two promissory notes (the "Notes") in the original principal amounts of $137,000 and $34,250, respectively, to M&I Bank, FSB (the "Original Lender"). (*Id.* ¶¶ 11-12.) These loans were secured by deeds of trust granting the Original Lender first- and second-priority liens on Plaintiff's residence (collectively the "loans"). (*Id.* ¶¶ 6, 11, 12.)

Plaintiff alleges that Premier fraudulently induced him into closing the loans by misrepresenting the loan terms. Specifically, Plaintiff claims that Premier's representative, Mike Orlando, promised to find Plaintiff a fixed-rate mortgage with "fair and equitable terms" that Premier would refinance into one loan within a year and that Orlando assured Plaintiff that his loan would have a fixed interest rate and would not be sold to another company. (*Id.* ¶ 19.) Plaintiff alleges that before the closing Premier presented him with

2

notes and deeds of trust that contained variable interest rates that were higher than what had been promised to Plaintiff. (*Id.* ¶¶ 25-29.) Upon noticing the higher rates, Plaintiff questioned Premier about the terms of the notes and deeds of trust but still proceeded with the closing. (*Id.* ¶ 31.) In October 2006, HSBC acquired the notes and deeds of trust. (*Id.* ¶ 47.)[1]

Plaintiff paid off the 2006 second mortgage loan in 2009, but the property remains subject to the 2006 first mortgage loan. (Compl. ¶ 13.) Plaintiff alleges that "in recent months" Caliber became the servicer of the 2006 first mortgage loan. (*Id.* ¶¶ 48-49.) A foreclosure proceeding is currently pending in Alamance County Superior Court.

In this action, which was filed prior to a foreclosure hearing in state court, Plaintiff alleges four causes of action against Caliber: breach of contract, negligence, negligent misrepresentation, and unfair and deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1. (Compl. at 22-27.) Plaintiff seeks actual, incidental, and punitive damages. (*Id.*)

## II. STANDARD OF REVIEW

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. A motion to dismiss under Rule 12(b)(6) should be granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

---

[1] In June 2009, Plaintiff participated in a proceeding before the North Carolina Commissioner of Banks ("NCCOB") in which the NCCOB found that Premier had facilitated origination for North Carolina mortgages, including the loan to Wilkerson, by individuals not licensed as loan officers in North Carolina, and assessed a civil penalty against Premier. (Compl. ¶¶ 34-36; NCCOB Order at 2-3, HSBC Mem. Supp. Mot. to Dismiss Ex. 1, Docket Entry 15-1.) The NCCOB made no findings about the validity or enforceability of the notes and deeds of trust. (*See* NCCOB Order at 7-8.)

*Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct. *Id.* In other words, to survive a 12(b)(6) motion, a complaint must "advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).

In making this determination, a court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, a court need not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. DISCUSSION

#### a. Generally

"As an initial matter, a court is not bound by conclusory allegations and unsupported assertions." *Bryant v. Wells Fargo Back, Nat. Ass'n*, 861 F. Supp. 2d 646, 663 (E.D.N.C 2012). The Court notes that in spite of the length of Plaintiff's complaint, Plaintiff has done little more than offer, in conclusory fashion, the elements of his claims without providing sufficient facts to state claims against Caliber under the *Iqbal/Twombly* federal pleading standards. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (a complaint must allege facts sufficient "to raise a right to relief above the speculative level," thereby nudging the

4

claims across the line from conceivable to plausible.") (quoting *Twombly*, 550 U.S. 544, 555 (2007).

In Plaintiff's complaint, consisting of 157 paragraphs over 31 pages, he makes many conclusory statements about unidentified actions of all the defendants, but nowhere does he make an allegation as to what actions of Caliber specifically resulted in either a breach of contract or negligence. In fact, Plaintiff simply makes broad allegations about the three defendants in the breach of contract and negligence causes of action, listing in one paragraph for each claim the actions attributed to all three defendants without specifically asserting wrongful conduct as to each defendant. (*See* Compl., ¶¶ 128, 140.) In the negligent misrepresentation claim, Plaintiff does not identify a single misrepresentation that anyone made to him, stating only that "Defendants HSBC and Caliber negligently misrepresented to Plaintiff existing facts to affect the essence of the transaction with Plaintiff in regards to the enforceability of the" loans. (*Id.* ¶ 146.)

### b. Breach of Contract (Ninth Cause of Action)[2]

Caliber argues that Plaintiff has failed to properly plead all elements of a breach of contract claim so as to survive a 12(b)(6) motion to dismiss. In order to state a claim for breach of contract, the following essential elements must be alleged: (1) a legal obligation of defendant to the plaintiff; (2) a violation or breach of that right or duty; and (3) a consequential injury or damage to the defendant. *See Metro. Grp., Inc. v. Meridian Indus., Inc.*, 869 F. Supp. 2d 692, 702 (W.D.N.C. 2012), citing *Investment Properties v. Norburn*, 281 N.C. 191, 188 S.E.2d 342 (1972). When alleging that a defendant has breached a contract, a

---

[2] The first eight causes of action of Plaintiff's complaint are asserted solely against Premier, which is no longer a party to this action.

5

plaintiff must allege the specific provisions of the contract that were breached. *Polygenex Int'l, Inc. v. Polyzen, Inc.*, 133 N.C. App. 245, 252, 515 S.E.2d 457, 462 (1999).

Plaintiff's claim is based upon his allegations that Caliber was "contractually obligated to act as the mortgage loan . . . servicer . . . for Plaintiff's 2006 Home Mortgage Refinance Loans." (Compl. ¶ 127.) Plaintiff alleges that Caliber:

> forced Plaintiff to pay fraudulent and excessive fees by attempting to enforce mortgage loans procured by fraud; have put Plaintiff in an untenable positions causing default; have caused Plaintiff to lose equity and other financing opportunities regarding his home; have caused Plaintiff's credit score to be lowered dramatically; have forced Plaintiff to pay exorbitant fees and payments; have caused Plaintiff to face foreclosure of his Home, thus causing him to incur attorney's fees; and have otherwise wronged Plaintiff.

(*Id.* ¶ 128.) Plaintiff alleges that Caliber breached its obligation by unethically attempting to enforce the loan contract that it knew or should have known was fraudulently induced. (*Id.* ¶ 129.)

"The North Carolina Court of Appeals has held that where a defendant is not a party to a contract, 'as a matter of law he cannot be held liable for any breach that may have occurred.'" *Bryant*, 861 F.Supp.2d 646, 657 (E.D.N.C. 2012), citing *Canady v. Mann*, 107 N.C. App. 252, 259, 419 S.E.2d 957, 601 (1992). Plaintiff here does not allege any facts supporting his claim regarding the existence of a contract between himself and Caliber, nor does he allege any specific contractual terms which were breached by Caliber. Instead, as mentioned above, the factual allegations in the Complaint refer only to a contract with Premier – the company that Plaintiff entered into the loan contracts with in 2006. There is no dispute that Caliber was not a party to the original loan agreements when those documents were initially executed. Apart from noting that Caliber has since become the

6

loan servicer of the loans, Plaintiff does not allege any existing contract between Plaintiff and Defendant. Plaintiff has not cited a case involving facts like the ones in this case, where a mortgagor successfully brought a breach of contract action against a subsequent loan servicer based on promises made between the original parties to the contract, nor has this court independently found such a case.³ The allegations in this claim against Caliber are not consistent with any theory of liability and fall far short of the line of "plausibility of entitle[ment] to relief." *Twombly*, 550 U.S. at 557. It is therefore recommended that Plaintiff's' breach of contract claim against Caliber be dismissed for failure to state a claim.

### c. Negligence and Negligent Misrepresentation (Tenth and Eleventh Causes of Action)

Plaintiff next alleges claims for negligence and negligent misrepresentation against Caliber. The essential elements of a cause of action for negligence in North Carolina are duty, breach of duty, proximate cause, and damages. *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995). In a negligent misrepresentation claim, a plaintiff must allege that he justifiably relied to his detriment on information prepared without reasonable care by a person who owed the relying party a duty of care. *Angell v. Kelly*, 336 F. Supp. 2d 540, 549 (M.D.N.C. 2004); *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 346, 511 S.E.2d 309, 312 (1999). Thus, both negligence and negligent misrepresentation claims require an allegation of a duty owed to the plaintiff by the defendant. *See e.g., Carlson v. Branch Banking and Trust Co.*, 123 N.C. App. 306, 312, 473 S.E.2d 631, 635 (1996) (noting that "[F]or plaintiffs to recover on a theory of negligence, they must first show the existence of a legal

---

³ In an analogous case, a federal district court in West Virginia held that a loan servicer who was not a party to the loan agreement at the time of origination could not be held liable for alleged fraudulent acts of the original mortgagee. *Croye v. GreenPoint Mortg. Funding, Inc.*, 740 F. Supp. 2d 788, 801 (S.D.W.Va. 2010).

duty owed to them by defendant."); *Brinkman v. Barrett Kays & Assoc., P.A.*, 155 N.C. App. 738, 740, 575 S.E.2d 40, 43 (2003) (noting that "'to the extent that plaintiff . . . ha[s] alleged a breach of that duty of due care and that the breach was a proximate cause of their injury, they have stated a cause of action [for negligent misrepresentation].'") (quoting *Davidson and Jones, Inc. v. Cnty of New Hanover*, 41 N.C. App. 661, 669, 255 S.E.2d 580, 585 (1979)).

In support of his negligence-based causes of action, Plaintiff alleges that Defendant owed him a "duty to act in the same manner as reasonable home mortgage loan . . . servicers . . . in [its] relationship and dealings with Plaintiffs," and that Defendant "owed Plaintiff a duty of care." (Compl. ¶¶ 139, 151.) However, Plaintiff has not cited, nor has the Court found, a common law or statutory basis for Plaintiff's conclusion that Caliber owed him such a duty under North Carolina law – especially given the lack of a contract between the two parties. *See, e.g., Robinson v. Deutsche Bank Nat. Trust Co*, No. 5:12-CV-590-F, 2013 WL 1452933, at *17 (W.D.N.C. Apr. 9, 2013) (noting that North Carolina courts have "declined to impose any duty [owed by a mortgage servicer] beyond those expressly provided for in the agreement.") (quoting *Wagner v. Branch Banking & Trust Co.*, 179 N.C.App. 436, 634 S.E.2d 273, 2006 WL 2528495, at *2 (Sept. 5, 2006)); *see also Wittenberg v. Wells Fargo Bank, N.A.*, 852 F.Supp.2d 731, 752-53 (N.D.W. Va. 2012), *aff'd*, No. 12-1323, 2013 WL 3929082 (4th Cir. July 31, 2013) (holding that a loan servicer has no obligation under the Fair Debt Collection Practices Act to investigate whether a debt is valid before attempting to collect the debt); *Bennett v. Lending Solutions Inc.*, Civ. Action No. 2:10-cv-1201, 2011 WL 4596973, at *5 (S.D.W. Va. Sept. 30, 2011) (loan servicer that was uninvolved in loan origination cannot be liable for negligent and/or fraudulent acts of lender in loan origination). Rather,

Plaintiff's entire argument seems predicated on a legal conclusion — that Caliber owed him a duty — which is unsupported and which the Court need not accept as true. Without additional allegations to explain what legal duty was owed to Plaintiff by Caliber, such a claim cannot survive a 12(b)(6) motion to dismiss under the increased pleading requirements of *Twombly/Iqbal.*

### d. Unfair and Deceptive Trade Practices (Twelfth Cause of Action)

Under North Carolina's unfair trade practices statute, "unfair methods of competition" and "unfair or deceptive acts or practices" are declared unlawful. N.C. Gen. Stat. § 75-1.1. To state a claim under this section, a plaintiff must allege sufficient facts to show (1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff. *Spartan Leasing Inc. v. Pollard*, 101 N.C. App. 450, 460-61, 400 S.E.2d 476, 482 (1991). A plaintiff need not show "fraud, bad faith, deliberate acts of deception or actual deception, but must show that the acts had a tendency or capacity to mislead or created the likelihood of deception." *Id.* at 482. A breach of contract claim must also allege egregious or aggravating circumstances to constitute an unfair or deceptive act under § 75-1.1. *See Harty v. Underhill*, 211 N.C. App. 546, 554, 710 S.E.2d 327, 333 (2011) (finding that plaintiffs' claim against loan servicer in connection with a forbearance agreement was a basic breach of contract claim which, standing alone, could not form the basis of an UDTPA claim).

In his UDTPA claim, Plaintiff simply incorporates all the prior allegations of the Complaint and alleges that "[t]he actions of HSBC and Caliber constitute unfair or deceptive trade practices in violation of . . . § 75-1.1." (Compl. ¶ 155.) As discussed above, Plaintiff

9

has failed to adequately allege any underlying claims against Defendant. Plaintiff's claims for unfair and deceptive trade practices, therefore, must also fail. *James v. Vanderbilt Mortg. and Fin., Inc.*, No. 3:11CV498-MOC-DSC, 2012 WL 441170, at *5 (W.D.N.C. Jan. 23, 2012).[4]

### e. Statute of Limitations

Finally, Defendant argues that Plaintiff's claims are barred by the statute of limitations. This argument has merit. Plaintiff's claims against Caliber are all based upon the actions of Defendant Premier in originating the subject loans. Plaintiff alleges that these loans were entered into in September 2006 and that the Commissioner of Banks issued an Order related to the actions of Premier in October 2009. (Compl. ¶¶ 11-12.) Plaintiff knew or should have known about any fraudulent inducement to enter into the subject loan agreements at the time of the loan closing, or, at the latest, at the time that the Commissioner of Banks issued his order. Plaintiff has thus failed to bring his action within the applicable three year statute of limitations under North Carolina law. *See* N.C. Gen. Stat. § 1-52. Defendant raised this issue in its brief in support of its motion to dismiss (Docket

---

[4] In *Glenn v. FNF Servicing, Inc.*, No. 5:12-CV-703-D, 2013 WL 4095524 (E.D.N.C. Aug. 13, 2012), the Eastern District of North Carolina allowed a similar UDTPA claim to survive a motion to dismiss. The court found that the plaintiff had plausibly stated a claim that the defendant mortgage servicer was in violation of the North Carolina Debt Collection Act ("NCDCA"), a statute encompassed by the UDTPA. However, *Glenn* is distinguishable from the facts in this case in that Glenn alleged that he had engaged in direct communication with defendant FNF, and despite this communication, FNF still refused to investigate the basis for Glenn's denial of liability. It was this failure to investigate that the court found to be an unfair act in violation of the statute. *Id.* at *2-3. In the present case, Plaintiff does not allege that he had any communication with Caliber. At best, Plaintiff alleges that Defendant HSBC had a duty to communicate to Caliber the information Plaintiff gave HSBC about the reasons behind his denial of liability to Caliber. (Compl. at 10.) Furthermore, the present action is also distinguishable from *Glenn* because Plaintiff has not alleged any facts supporting the injury requirement of a UDTPA claim. For example, in *Glenn*, the plaintiff alleged facts showing how the defendant's actions caused his credit score to drop from the high 600's to the low 500's. In comparison, Wilkerson also tries to allege an injury through reduced credit scores, but only proffers conclusory statements that the Court need not consider. (Compl. at 25.) *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.

Entry 14 at 5) and Plaintiff did not respond to this argument. Because the statute of limitations has clearly run on these claims, and Plaintiff has provided no basis for tolling the statute, the Court finds as an alternative basis that the complaint should be dismissed on the grounds that it is untimely under the statute of limitations.

## IV. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the court **GRANT** Defendant Caliber's motion to dismiss under Rule 12(b)(6) for failure to state a claim. (Docket Entry 13.)

Joe L. Webster
United States Magistrate Judge

November 20, 2014
Durham, North Carolina